**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

BELL ATLANTIC CASH BALANCE PLAN;
BELL ATLANTIC PENSION PLAN; BELL
ATLANTIC CORPORATION; BELL
ATLANTIC NETWORK SERVICES,
INCORPORATED; BELL ATLANTIC -
PENNSYLVANIA, INCORPORATED; BELL
ATLANTIC - NEW JERSEY,

No. 97-2382

INCORPORATED; BELL ATLANTIC -
DELAWARE, INCORPORATED,
Plaintiffs-Appellants,

v.

EQUAL EMPLOYMENT OPPORTUNITY
COMMISSION,
Defendant-Appellee.

Appeal from the United States District Court
for the Eastern District of Virginia, at Alexandria.
T.S. Ellis, III, District Judge.
(CA-97-330-A)

Argued: March 1, 1999

Decided: July 12, 1999

Before WILKINS and TRAXLER, Circuit Judges,
and FABER, United States District Judge for the
Southern District of West Virginia, sitting by designation.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

**ARGUED:** James Joseph Kelley, II, MORGAN, LEWIS & BOCK-IUS, L.L.P., Washington, D.C., for Appellants. Robert John Gregory, EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, Washington, D.C., for Appellee. **ON BRIEF:** C. Gregory Stewart, General Counsel, Philip B. Sklover, Associate General Counsel, Lorraine C. Davis, Assistant General Counsel, EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, Washington, D.C., for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

Plaintiffs Bell Atlantic Cash Balance Plan, Bell Atlantic Pension Plan, Bell Atlantic, Bell Atlantic Network, Service, Inc., Bell Atlantic-Pennsylvania, Inc., Bell Atlantic-New Jersey, Inc., and Bell Atlantic-Delaware, Inc. [hereinafter collectively referred to as "Bell Atlantic"] filed a declaratory judgment action against the United States Equal Employment Opportunity Commission ("EEOC"). The district court dismissed the action for lack of subject matter jurisdiction. Bell Atlantic now appeals the dismissal order. We affirm.

I.

Carol Page and Mary Hale, on behalf of themselves and other female employees of Bell Atlantic, filed separate discrimination charges with the EEOC in 1994 and 1995, respectively, alleging that Bell Atlantic's method of calculating retirement benefits for female employees retiring after 1979 violates Title VII of the Civil Rights Act of 1964, 42 U.S.C.A. § 2000e et seq. (West 1994 & Supp. 1998), because it fails to provide women retiring after 1979 an appropriate amount of retirement service credit for pregnancy-related absences

2

that occurred prior to April 29, 1979, the effective date of the Pregnancy Discrimination Act ("PDA"), 42 U.S.C.A.§ 2000e(k) (West 1994).

Under Bell Atlantic's retirement system, employees receive benefits based on their term of service. Bell Atlantic measures the length of service through a "net credited service" system under which a term of employment begins on the employee's date of matriculation and is adjusted for periods of separation or absences from work which are not subject to credit. Before the PDA's enactment in 1979, an employee received full credit for absences due to a temporary disability but only one month of credit for absences related to pregnancy. After the PDA's enactment, Bell Atlantic adjusted its method of calculating service credit by treating disability and pregnancy-related leave in the same manner, but under the plan, female employees who retire after 1979 still receive only one month of credit for pregnancy leave taken prior to the PDA's effective date. Therefore, Hale received only one month of service credit for a nine-month pregnancy-related leave she took in 1971 and, upon her retirement in 1995, began receiving pension benefits reflecting the uncredited pregnancy-related absence.[1] Page, who has not yet retired, will receive benefits reflecting only one month of service credit for the entire seven-month pregnancy-related leave she took in 1974.[2]

_____

[1] Bell Telephone Company of Pennsylvania, Bell Atlantic's predecessor, hired Hale on June 27, 1956. Hale resigned after three years but rejoined Bell Atlantic in July 1968. Bell Atlantic required Hale to take a pregnancy-related leave of absence on March 22, 1971, and after two extensions, Hale returned to work on December 27, 1971. Pursuant to the credit service system then in existence, Hale received only one month of service credit for the entire period of leave. Hale retired on February 16, 1995, and received pension benefits influenced by her uncredited pregnancy-related absence. Hale filed her discrimination charge with the EEOC on March 30, 1999.
[2] Bell Atlantic required Page to take a pregnancy-related leave of absence on April 15, 1974. Page returned to work on October 21, 1974. Pursuant to the then-existing policy, Bell Atlantic gave Page only one month of service credit for the seven-month leave. Bell Atlantic still employs Page, but her pension benefits will be affected by her uncredited pregnancy-related absence. Hale filed her charge with the EEOC on November 2, 1994.

In connection with Hale's charge, the EEOC served on Bell Atlantic an administrative subpoena, which requested that Bell Atlantic provide, by September 13, 1996, "documents or any other source of information which show all actively employed females in Pennsylvania, New Jersey and Delaware who had a break in service due to pregnancy during the period January 1, 1971 to December 31, 1978." Bell Atlantic petitioned the EEOC for a revocation or modification of the subpoena. On December 9, 1996, the EEOC denied the request and required Bell Atlantic to produce the documents within one year. Bell Atlantic subsequently informed the EEOC of its intention not to comply with the subpoena. The EEOC then voluntarily revoked the administrative subpoena.

On February 13, 1997, the EEOC issued a determination in Hale's case that Bell Atlantic "discriminated and continues to discriminate against the Charging Party and other affected females on the basis of sex [and] pregnancy." That same day, the EEOC issued a determination of reasonable cause as to Page's charge and found that the "facially neutral service system has a disparate impact on Charging Party and a class of similarly situated females who took pregnancy leave prior to 1979." Bell Atlantic instituted this declaratory judgment action seeking rulings that the EEOC's determinations on Hale's and Page's charges are invalid, the charges were untimely, and the charges were without statutory jurisdiction. Bell Atlantic additionally challenged the EEOC's issuance of the subpoena on the ground that the EEOC lacks authority to investigate untimely charges.

The EEOC filed a motion to dismiss the case for lack of subject matter jurisdiction, claiming that the case was not yet ripe for review because the EEOC had not yet formally moved in court to enforce the subpoena. Bell Atlantic, however, claims that the case raises a cognizable federal question. The dispositive issue on appeal is whether this case is justiciable. For the reasons set forth below, we hold it is not.

II.

A court of appeals conducts a de novo review of a district court's decision to dismiss a complaint for lack of jurisdiction. See Mobil Oil Co. v. Attorney Gen., 940 F.2d 73, 75 (4th Cir. 1991). A claim is justiciable only when it is asserted at a time appropriate for judicial inter-

4

vention. See Renne v. Geary, 501 U.S. 312, 320 (1991). A party, therefore, may allege a claim neither too early nor too late. See id. at 320-23 (applying the doctrines of ripeness and mootness). When a party asserts a claim too early, the claim is not yet "ripe" for judicial review, see Abbott Labs v. Gardner, 387 U.S. 136, 148-49 (1967), overruled on other grounds by Califano v. Sanders , 430 U.S. 99 (1977), and must be dismissed.

A claim for which the parties seek a declaratory judgment is ripe only when the parties are engaged in an "actual controversy." See U.S. Const. art. III, § 2, cl. 1;[3] 28 U.S.C.A. § 2201(a) (West 1994).[4] An actual controversy exists in a case challenging an administrative action only when "an administrative decision has been formalized and its effects felt in a concrete way by the challenging parties." Abbott Labs, 387 U.S. at 148-49. Hence, a case challenging an administrative action is ripe only when (1) the issues in the case are fit for judicial review, meaning that the issues to be considered are purely legal and that the agency action which is the source of the controversy is final and not dependent upon future uncertainties or intervening agency rulings;[5] and (2) the withholding of judicial review will cause hard-

_____

[3] Article III of the Constitution provides in pertinent part:

> The judicial Power shall extend to all Cases, in Law and Equity, arising under this Constitution, the Laws of the United States, and Treaties made, or which shall be made, under their Authority . . . .

U.S. Const. art. III, § 2, cl. 1 (emphasis added).

[4] The Declaratory Judgment Act provides in pertinent part:

> In a case of actual controversy within its jurisdiction . . ., any court of the United States, upon the filing of an appropriate pleading, may declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought. Any such declaration shall have the force and effect of a final judgment or decree and shall be reviewable as such.

28 U.S.C.A. § 2201(a) (West 1994) (emphasis added).

[5] Under the Administrative Procedure Act, a federal court can review only "final" agency actions. The pertinent part of the Administrative Procedure Act provides as follows:

ship, the measure of which is based on the immediacy of the threat and the burden imposed on the party compelled to act under threat of enforcement. See id. at 149-53; Charter Fed. Sav. Bank v. Office of Thrift Supervision, 976 F.2d 203, 208-09 (4th Cir. 1992).

Having found that the EEOC's reasonable cause determination did not constitute a final agency action, the district court concluded that this case was not ripe because the issues were not fit for judicial review. Bell Atlantic, however, argues that this case is ripe for judicial review on the grounds that the issue of whether the EEOC may investigate untimely discrimination charges is purely legal, that the EEOC's action is final because no further agency action is required, that Bell Atlantic has exhausted all of its administrative remedies, and that Bell Atlantic will suffer great hardship if it must cooperate with the investigation. The EEOC, on the other hand, contends that the investigation alone, without use of judicial enforcement to compel Bell Atlantic's cooperation, is not final and causes no legal injury to Bell Atlantic as it will later have a full and fair opportunity to litigate its arguments if the EEOC files suit.

As a general matter, the EEOC's "reasonable cause" determinations are not final agency actions subject to judicial review. See Nealon v. Stone, 958 F.2d 584, 588 n.2 (4th Cir. 1992); Georator Corp. v. EEOC, 592 F.2d 765, 768-69 (4th Cir. 1979). Hence, Bell Atlantic has no general right to judicial review of the EEOC's decision to investigate the discrimination charges.

_____

> Agency action made reviewable by statute and final agency action for which there is no other adequate remedy in a court are subject to judicial review. A preliminary, procedural, or intermediate agency action or ruling not directly reviewable is subject to review on the review of the final agency action. Except as otherwise expressly required by statute, agency action otherwise final is final for the purposes of this section whether or not there has been presented or determined an application for a declaratory order, for any form of reconsideration, or, unless the agency otherwise requires by rule and provides that the action meanwhile is inoperative, for an appeal to superior agency authority.

5 U.S.C.A. § 704 (West 1996).

While, as a general matter, only "final" agency actions are subject to judicial review, a "non-final" agency action is subject to judicial review when the agency acts in clear violation of its statutory mandate. See Leedom v. Kyne, 358 U.S. 184, 188 (1958); Gracey v. International Bd. of Elec. Workers, Local 1340, 868 F.2d 671, 674 n.1 (4th Cir. 1989). Bell Atlantic argues that the EEOC's decision to investigate discrimination charges which Bell Atlantic perceives to be untimely on their face is a clear derogation of the EEOC's statutory mandate.

For an agency to act in clear derogation of its statutory mandate, the challenging party must make a "strong and clear" demonstration that the agency violated a "clear, specific and mandatory" statutory provision either delegating the powers of or listing specific prohibitions against the agency. Newport News Shipbuilding & Dry Dock v. NLRB, 633 F.2d 1079, 1081 (4th Cir. 1980). While Bell Atlantic has cited much precedent in opposition to the EEOC's position on the merits of this matter, see Lockheed Corp. v. Spink, 517 U.S. 882, 896-97 (1996); American Tobacco Co. v. Patterson, 456 U.S. 63, 75-76 (1982); International Bhd. of Teamsters v. United States, 431 U.S. 324, 352-53 (1977); United Air Lines, Inc. v. Evans, 431 U.S. 553, 560 (1977); General Elec. Co. v. Gilbert, 429 U.S. 125, 145-46 (1976); Condit v. United Air Lines, Inc., 631 F.2d 1136, 1138 (4th Cir. 1980), the EEOC, in pursuing its investigation, has not clearly violated a specific statutory mandate. Bell Atlantic, therefore, has not clearly met the high standard necessary for the court to review this non-final agency action. Hence, the EEOC's decision to investigate the discrimination charges is not yet ripe for judicial review.

III.

For the foregoing reasons, the order of the district court is

AFFIRMED.

7