UNPUBLISHED

# UNITED STATES COURT OF APPEALS
## FOR THE FOURTH CIRCUIT

MUTUAL BENEFIT INSURANCE
COMPANY,
            *Plaintiff-Appellant,*

v.

JEFFREY LORENCE; KATHY A. TIPPETT;
BELINDA QUADE; MICHAEL QUADE, by
and through his mother and next
friend Belinda Quade,
            *Defendants-Appellees.*

No. 02-1734

Appeal from the United States District Court
for the District of Maryland, at Greenbelt.
Deborah K. Chasanow, District Judge.
(CA-00-827-DKC)

Argued: February 26, 2003

Decided: March 20, 2003

Before WILKINS, Chief Judge, and WILKINSON and
MOTZ, Circuit Judges.

Affirmed by unpublished per curiam opinion.

## COUNSEL

**ARGUED:** William Carlos Parler, Jr., PARLER & WOBBER,
L.L.P., Towson, Maryland, for Appellant. William N. Zifchak,
SASSCER, CLAGETT & BUCHER, Upper Marlboro, Maryland, for
Appellees.

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

## OPINION

PER CURIAM:

The district court dismissed plaintiff Mutual Benefit Insurance Company's declaratory judgment action seeking a declaration of its obligation to indemnify insureds Jeffrey Lorence and Kathy Tippett under an allegedly void contract. Because resolution of this case may require a determination by the Maryland Insurance Administration regarding the propriety of Mutual Benefit's underwriting standards, we believe that the district court did not abuse its discretion. We therefore affirm the judgment below.

I.

This complaint arises out of an insurance coverage dispute. On August 17, 1998, defendants Jeffrey Lorence and Kathy Ann Tippett obtained a homeowner's insurance policy from Mutual Benefit for their residence at 26730 Connemara Lane, Mechanicsville, Maryland. On their application for this policy, Lorence and Tippett were required to answer a question as to whether the "applicant or any tenant ha[s] any animals or exotic pets." They answered "no." Mutual Benefit's underwriting guidelines prohibit the issuance of homeowner's insurance to applicants who own pit bull dogs. At the time Lorence and Tippett obtained the policy, however, they owned two pit bulls which were housed at their residence.

On February 17, 2000, one of Lorence and Tippett's dogs attacked Belinda Quade and her two-year-old son Michael. Both Belinda and Michael were injured and had to be treated at a hospital. After the attack, Lorence and Tippett filed a claim with Mutual Benefit requesting that Mutual Benefit provide coverage for any claims arising from the February 17 incident. This was the first notice Mutual Benefit received that Lorence and Tippett owned two pit bulls.

On March 23, 2000, Mutual Benefit filed a complaint under the Declaratory Judgment Act, 28 U.S.C. § 2201, against Lorence and Tippett in the district court of Maryland. The complaint sought a declaratory judgment that Mutual Benefit owed no duty to defend or indemnify Lorence and Tippett for any claims arising from the dog bite incident. Because the policyholders had made a material misrepresentation on their insurance policy application, Mutual Benefit alleged that the policy was void ab initio. On May 5, 2000, Mutual Benefit notified Lorence and Tippett that it was cancelling their insurance policy on the basis of the material misrepresentation, and that it would refund the excess premiums paid.

On August 2, 2000, Lorence and Tippett filed a complaint with the Maryland Insurance Administration (MIA) seeking a ruling that Mutual Benefit's underwriting guideline with respect to pit bulls violated Maryland Insurance Code § 27-501. Section 27-501 prohibits an insurer from canceling or refusing to underwrite or renew an insurance policy for discriminatory reasons, and specifies that an insurer's underwriting standards must be "reasonably related to the insurer's economic and business purposes." Md. Code Ann., Ins. § 27-501 (2002). Lorence and Tippett also requested that the MIA require Mutual Benefit to defend and, up to the policy limits, indemnify them for the dog bite incident.

The MIA has recently scrutinized the underwriting guidelines of other insurance companies with respect to refusals to insure owners of certain breeds of dogs. But, the MIA has a policy of not initiating investigations of complaints that are currently being litigated. The MIA thus deferred to the district court proceedings and informed Lorence and Tippett to recontact the MIA once the litigation is terminated.

Both parties made motions for summary judgment in the district court. On March 12, 2002, the district court denied both motions. The court noted the pending administrative proceedings before the MIA, declined to exercise jurisdiction, and dismissed the complaint. *Mutual Benefit Ins. Co. v. Lorence*, 189 F. Supp. 2d 298 (D. Md. 2002). The court denied Mutual Benefit's motion for reconsideration on June 12, 2002. Mutual Benefit now appeals.

II.

A.

Under the Declaratory Judgment Act, a district court can "declare the rights and other legal relations of any interested party seeking such declaration." 28 U.S.C. § 2201 (2002). A declaratory judgment is appropriate "when the judgment will serve a useful purpose in clarifying and settling the legal relations in issue, and . . . when it will terminate and afford relief from the uncertainty, insecurity, and controversy giving rise to the proceeding." *Centennial Life Ins. Co. v. Poston*, 88 F.3d 255, 256 (4th Cir. 1996) (quoting *Aetna Cas. & Sur. Co. v. Quarles*, 92 F.2d 321, 325 (4th Cir. 1937)). But, when a related state proceeding is pending, a court should consider whether the controversy "can better be settled in the proceeding pending in the state court." *Brillhart v. Excess Ins. Co. of Am.*, 316 U.S. 491, 495 (1942).

A court's authority to grant a declaratory judgment is discretionary, *Wilton v. Seven Falls Co.*, 515 U.S. 277, 286 (1995), although guided by a number of factors including:

> (i) the strength of the state's interest in having the issues raised in the federal declaratory action decided in the state courts; (ii) whether the issues raised in the federal action can more efficiently be resolved in the court in which the state action is pending; [ ] (iii) whether permitting the federal action to go forward would result in unnecessary entanglement between the federal and state court systems, because of the presence of overlapping issues of fact or law; [and (iv)] whether the declaratory judgment action is being used merely as a device for "procedural fencing" — that is, to provide another forum in a race for res judicata or to achieve a federal hearing in a case otherwise not removable.

*Nautilus Ins. Co. v. Winchester Homes, Inc.*, 15 F.3d 371, 377 (4th Cir. 1994) (internal citations and quotations omitted). Given the discretionary nature of the district court's decision, we review the district court's dismissal of Mutual Benefit's declaratory judgment action for abuse of discretion. *Wilton*, 515 U.S. at 289-90.

## B.

Applying these factors to this case, we cannot find that the district court abused its discretion in dismissing Mutual Benefit's declaratory judgment action. Mutual Benefit argues that Lorence and Tippett made a material misrepresentation on their policy application, and therefore that the insurance policy is void. Under Maryland law, in order for a misrepresentation to be material it must "reasonably have affected the determination of the acceptability of the risk," and have been actually relied upon in issuing the policy. *North American Speciality Ins. Co. v. Savage*, 977 F. Supp. 725, 728 (D.Md. 1997). But, an insurer cannot rely on an underwriting standard to determine the acceptability of a risk unless that standard is "reasonably related to the insurer's economic and business purposes." Md. Code Ann., Ins. § 27-501(a)(2). The district court thus found that in order to determine whether Lorence and Tippett's misrepresentation was material, it must first be decided whether Mutual Benefit's underwriting standard refusing to insure risks that include pit bulls complies with § 27-501(a). *Mutual Benefit Ins. Co.*, 189 F. Supp. 2d at 303. The Insurance Commissioner has the authority to determine compliance with § 27-501 in the first instance. Md. Code Ann., Ins. § 27-501(h).

Given the "comprehensive administrative mechanism for determination of the permissible underwriting guidelines" set up by the Maryland legislature, three of the four factors weigh in favor of deference here. *Mutual Benefit Ins. Co.*, 189 F. Supp. 2d at 303. The state has a strong interest in having a determination regarding the permissibility of underwriting guidelines made by a state administrative or judicial body. The district court recognized that the MIA would be "much better suited to the economic and policy determination to be made regarding coverage of pit bulls . . . ." *Id.* Furthermore, these issues could be more efficiently resolved before the MIA, as the MIA already possesses significant information regarding underwriting risks associated with pit bulls. Finally, permitting the district court to proceed might result in unnecessary entanglement between the federal and state systems. If the district court exercised jurisdiction, it would have to consider whether Mutual Benefit's refusal to insure pit bull owners complied with § 27-501. But the MIA might simultaneously be considering the permissibility under § 27-501 of a substantially

similar underwriting guideline issued by another insurance company. The potential for contradictory rulings is obvious.

Although the issuance of a declaratory judgment might settle some of the issues set forth in Mutual Benefit's complaint, there remains a significant possibility that the MIA would have to later determine the lawfulness of Mutual Benefit's underwriting guidelines under § 27-501. Considerations of "federalism, efficiency, and comity" therefore support the district court's decision. *Centennial Life Ins. Co.*, 88 F.3d at 257.

The district court did not abuse its discretion, and the judgment is

*AFFIRMED*.