UNITED STATES COURT OF APPEALS

FOR THE FOURTH CIRCUIT

_____

Nos. 95-3043(L)
(CA-94-3492-PJM)

_____

Marriott PLP Corporation, et al,

                                        Plaintiffs - Appellants,

        versus

John S. Tuschman, etc.,

                                        Defendant - Appellee.

_____

O R D E R

_____

        The Court amends its opinion filed September 19, 1996, as
follows:

        On page 2, section 1 -- case number 95-1658 is corrected
to read "96-1658."

                                        For the Court - By Direction

                                        /s/ Patricia S. Connor
                                        _____
                                           Acting Clerk

**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

MARRIOTT PLP CORPORATION; HOST
MARRIOTT CORPORATION, formerly
known as Marriott Corporation,
<u>Plaintiffs-Appellants,</u>

and

MARRIOTT INTERNATIONAL,
INCORPORATED, formerly known as                     No. 95-3043
Marriott Hotels, Incorporated,
<u>Plaintiff,</u>

v.

JOHN S. TUSCHMAN, Individually and
as class representative,
<u>Defendant-Appellee.</u>

MARRIOTT INTERNATIONAL,
INCORPORATED, formerly known as
Marriott Hotels, Incorporated,
<u>Plaintiff-Appellant,</u>

and

MARRIOTT PLP CORPORATION; HOST
MARRIOTT CORPORATION, formerly                      No. 95-3061
known as Marriott Corporation,
<u>Plaintiffs,</u>

v.

JOHN S. TUSCHMAN, Individually and
as class representative,
<u>Defendant-Appellee.</u>

MARRIOTT PLP CORPORATION; HOST
MARRIOTT CORPORATION, formerly
known as Marriott Corporation,
Plaintiffs-Appellants,

and

MARRIOTT INTERNATIONAL,
INCORPORATED, formerly known as                    No. 96-1658
Marriott Hotels, Incorporated,
Plaintiff,

v.

JOHN S. TUSCHMAN, Individually and
as class representative,
Defendant-Appellee.

MARRIOTT INTERNATIONAL,
INCORPORATED, formerly known as
Marriott Hotels, Incorporated,
Plaintiff-Appellant,

and

MARRIOTT PLP CORPORATION; HOST
MARRIOTT CORPORATION, formerly                     No. 96-1659
known as Marriott Corporation,
Plaintiffs,

v.

JOHN S. TUSCHMAN, Individually and
as class representative,
Defendant-Appellee.

Appeals from the United States District Court
for the District of Maryland, at Greenbelt.
Peter J. Messitte, District Judge.
(CA-94-3492-PJM)

2

Argued: June 3, 1996

Decided: September 19, 1996

Before ERVIN and MOTZ, Circuit Judges, and SPENCER,
United States District Judge for the Eastern District
of Virginia, sitting by designation.

_____

Affirmed by unpublished opinion. Judge Ervin wrote the opinion, in
which Judge Motz and Judge Spencer joined.

_____

**COUNSEL**

**ARGUED:** Tom Alan Cunningham, FULBRIGHT & JAWORSKI,
L.L.P., Houston, Texas, for Appellants. David J. Healey, ARNOLD,
WHITE & DURKEE, Houston, Texas, for Appellee. **ON BRIEF:**
Debbie C. Darlow, FULBRIGHT & JAWORSKI, L.L.P., Houston,
Texas; David G. Lane, VENABLE, BAETJER & HOWARD, L.L.P.,
McLean, Virginia; Roger W. Titus, VENABLE, BAETJER &
HOWARD, L.L.P., Rockville, Maryland; Frederick Robinson, Jac-
queline R. Depew, FULBRIGHT & JAWORSKI, L.L.P., Washing-
ton, D.C., for Appellants. Robert B. Lytle, Gary J. Fischman,
ARNOLD, WHITE & DURKEE, Houston, Texas; David H. Berg,
BERG & ANDROPHY, Houston, Texas; Daniel A. Ball, LEWIS,
GOLDBERG & BALL, Rockville, Maryland, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See
Local Rule 36(c).

_____

**OPINION**

ERVIN, Circuit Judge:

Marriott PLP Corp., Host Marriott Corp. (formerly Marriott Corp.), and Marriott International, Inc. (formerly Marriott Hotels, Inc.),* sought a declaratory judgment against John S. Tuschman in the District of Maryland. The district court dismissed Marriott's complaint, citing its discretion whether to hear such cases under the Declaratory Judgment Act, 28 U.S.C. § 2201. In accord with the Supreme Court's recent opinion in <u>Wilton v. Seven Falls Co.</u>, 115 S. Ct. 2137 (1995), and this court's decision earlier this year in <u>Centennial Life Ins. Co. v. Poston</u>, 88 F.3d 255 (1996), we defer to the district court's discretion. Thus, we affirm.

I

John S. Tuschman is a limited partner in the Chesapeake Hotel Limited Partnership ("CHLP"). CHLP purchased nine hotels from Marriott Corp., to be managed by Marriott Hotels, Inc. In early 1994, Tuschman led a group of CHLP limited partners in an effort to obtain compensation from Marriott for alleged fraud, breaches of fiduciary duty, and breaches of contract. They voiced their demands in a letter sent to Marriott by their Texas counsel, and Tuschman continued to recruit other limited partners to his cause. In response, Marriott simultaneously sued in Maryland state court and filed this action in federal district court for declaratory judgments that it had not committed the breaches alleged by Tuschman and the limited partners. Tuschman, joined by more than 100 of the limited partners, then filed suit in Texas state court seeking damages for those breaches.

Tuschman sought to remove the Maryland action to federal court, but Marriott eliminated any basis for federal jurisdiction by dropping the complaint's reference to "federal security laws"--to which Tuschman's letter had referred vaguely but which were not cited in the Texas complaint--and by adding a Maryland resident as a defendant. Additionally, Tuschman sought to dismiss the federal suit because of the pending Texas suit. The district court denied the motion.

_____

* We refer to the plaintiffs collectively as "Marriott."

4

Tuschman then moved again to dismiss, this time based on absence of personal jurisdiction. The court granted the second motion on the jurisdictional ground. Alternatively, it reconsidered Tuschman's first motion to dismiss, and exercised its discretion not to hear a petition for declaratory judgment. Marriott appeals, arguing that personal jurisdiction over Tuschman exists under the Securities Act of 1933 and the Maryland Long-Arm Statute, and that the district court erred in refusing to consider Marriott's declaratory judgment action.

II

The Declaratory Judgment Act grants federal courts authority to hear pleas for declaratory relief:

> In a case of actual controversy within its jurisdiction, . . . any court of the United States, upon the filing of an appropriate pleading, may declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought.

28 U.S.C. § 2201. Last year, in Wilton v. Seven Falls Co., 115 S. Ct. 2137 (1995), the Supreme Court reaffirmed its longstanding interpretation of the Act, holding that whether to consider a claim for declaratory relief lies within the discretion of the district court:

> Brillhart v. Excess Ins. Co., 316 U.S. 491, 62 S. Ct. 1173, 86 L.Ed. 1620 (1942), governs this declaratory judgment action[, and] district courts' decisions about the propriety of hearing declaratory judgment actions, which are necessarily bound up with their decisions about the propriety of granting declaratory relief, should be reviewed for abuse of discretion.

Wilton, 115 S. Ct. at 2144. Moreover, as Tuschman's counsel noted in a submission of supplemental authority under Fed. R. App. P. 28(j) and Local Rule 28(f), we recently followed Wilton in Centennial Life Ins. Co. v. Poston, 88 F.3d 255 (1996), a decision issued after the argument in this case.

5

In Poston, we noted that the dispositive question for a district court is "whether the controversy `can better be settled in the proceeding pending in the state court.'" Id. at 257 (quoting Brillhart, 316 U.S. at 495). That question, in turn, is controlled by several factors:

> (i) the strength of the state's interest in having the issues raised in the federal declaratory action decided in the state courts; (ii) whether the issues raised in the federal action can more efficiently be resolved in the court in which the state action is pending; (iii) whether permitting the federal action to go forward would result in unnecessary "entanglement" between the federal and state court systems, because of the presence of "overlapping issues of fact or law" [; and (iv)] whether the declaratory judgment action is being used merely as a device for "procedural fencing"--that is, "to provide another forum in a race for res judicata" or "to achiev[e] a federal hearing in a case otherwise not removable."

Id. (quoting Nautilus Ins. Co. v. Winchester Homes, Inc., 15 F.3d 371, 377 (4th Cir. 1994)).

The district court relied on the fourth of those factors, and concluded that Marriott's federal action--which contained only a general reference to federal securities law--was an effort at forum-shopping:

> At the time the Marriott parties filed this suit in Maryland, they were aware that substantially identical litigation was imminent and that, in all probability, it would be filed in Texas state court. The present suit is unquestionably a result of the proverbial race to the courtroom door. Seizing on its own possible federal securities law violation, a potential cause of action mentioned in the February, 1994 correspondence from Tuschman's Texas attorney but one that Tuschman himself did not ultimately pursue in Texas state court and one that he has expressly disavowed before this Court, Marriott attempts to establish federal question jurisdiction in this Court. . . .

6

> [T]his is fundamentally a suit that looks backward to adjudicate past actions rather than forward to settle future actions.

District Court Opinion at 15-16.

Marriott complains that the district court did not address the other requisite factors in reversing its course and dismissing the action:

> It clearly ignored everything it previously had said as to why this action should go forward, including (1) the insignificant interest of Texas in providing a forum for the resolution of this dispute and the (2) inability of the Texas action to provide complete relief to the affected parties.

Brief of Appellants at 13 (emphasis added). But Marriott's argument only emphasizes that the district court did, in fact, account for the other factors. That it did not mention those factors expressly in its final opinion is of no import; the court simply determined that the ground on which it did rely outweighed those that it had considered previously.

"[F]acts bearing on the usefulness of the declaratory judgment remedy, and the fitness of the case for resolution, are particularly within [the district courts'] grasp." Wilton, 115 S. Ct. at 2144. Consequently, we will not second-guess the district court's appraisal of the determinative considerations under the Declaratory Judgment Act.

III

We affirm the district court's decision not to entertain Marriott's action for a declaratory judgment. We need not consider, therefore, whether Tuschman is subject to personal jurisdiction in Maryland.

AFFIRMED

7