**ESSEX INSURANCE COMPANY**

v.

**DEMBO, INC., et al.**

**No. Civ. S 99–1072.**

United States District Court,
D. Maryland.

April 28, 1999.

Kathleen S. Pirri, Thomas S. Schaufelberger, Wright, Robinson, McCammon, Osthimer and Tatum, Washington, DC, for plaintiff.

Stephen L. Prevas, Prevas & Prevas, Baltimore, MD, Gerard P. Uehlinger, Towson, MD, James F. McCadden, Towson, MD, for defendants.

## MEMORANDUM OPINION

SMALKIN, District Judge.

By letter order dated April 21, 1999, this Court called upon counsel for the plaintiff to show cause why the Court should not stay or dismiss this declaratory judgment insurance coverage action, pending resolution of underlying state tort litigation, in light of *Centennial Life Ins. v. Poston,* 88 F.3d 255 (4th Cir.1996).

The underlying litigation, which is not within the original jurisdiction of this Court, involves a patron of defendants' night club, who was allegedly beaten up by defendants' employees. The original complaint alleged causes of action for assault, battery, negligent hiring and retention, and negligent breach of the duty of premises owners to invitees. (The plaintiff's policy insuring the defendants excludes coverage for assault, battery, and negligent hiring and/or supervision, but covers "occurrences," defined simply as "an accident.") The tort plaintiff subsequently filed an amended complaint in the state court, asserting only a premises liability negligence claim.

By letter dated April 26, 1999, counsel for the plaintiff responded to the Court's order to show cause. Relying, in major measure, on *Nautilus Ins. Co. v. Winchester Homes, Inc.,* 15 F.3d 371 (4th Cir. 1994), and *Aetna Cas. & Sur. Co. v. Ind–Com Elec. Co.,* 139 F.3d 419 (4th Cir.1998), plaintiff argues that this Court should retain and exercise jurisdiction, largely because there is no state court proceeding between plaintiff and its insured pending, nor is there, according to plaintiff, any unsettled issue of state law that raises federalism concerns. The plaintiff also raises a number of other points under *Nautilus.*

This Court has serious concerns about the continued precedential value of *Nautilus,* in light of the *Centennial Life* court's recognition that *Nautilus* was largely gutted by the Supreme Court's decision in *Wilton v. Seven Falls Co.,* 515 U.S. 277, 115 S.Ct. 2137, 132 L.Ed.2d 214 (1995). *See Centennial Life,* 88 F.3d at 257–58. *Aetna,* which was decided by a completely different panel of the Fourth Circuit, inexplicably fails even to cite *Centennial Life* and, also quite inexplicably, appears to resurrect *Nautilus. Aetna,* 139 F.3d at 422.

■ Faced with irreconcilable panel decisions of the Fourth Circuit, this Court will be guided by the Supreme Court's decision in *Wilton,* and the Fourth Circuit's application of that decision in *Centennial Life.* The bottom line of all of this is that, as set forth both in *Wilton* and *Centennial Life,* "in the declaratory judgment context, the normal principle that federal courts should adjudicate claims within their jurisdiction yields to considerations of practicality and wise judicial administration." *Centennial Life,* 88 F.3d at 257. (And, to the extent that *Aetna* is viable authority in light of *Centennial Life,* it does not compel present adjudication of this case, as *Aetna* held that a federal court may properly withhold consideration of a declaratory judgment case even where there is no state court proceeding pending to which the federal plaintiff is party.)

■ Although the Court recognizes that there might have been some "manipu-

lation" of the complaint in the underlying suit in order to gain or "lock in" coverage, it would be a waste of this Court's resources to determine the state law issues involved in whether a viable, covered claim for premises liability inheres in the underlying litigation. That is a question that will ultimately and inescapably have to be decided in the state court, as and when the issues of law and/or fact relevant to the merits are decided, and decision of that issue will also establish whether the incident was an "occurrence" as defined in the policy. There is utterly no need to decide these questions in this forum, while plaintiff is providing a defense in the underlying case.

Thus, guided by *Centennial Life* and its interpretation of *Wilton*, this Court, in the exercise of its discretion, will indefinitely stay this case, *see Centennial Life*, 88 F.3d at 257 n. 1, and administratively close it by a separate order, without prejudice to reopening on a timely petition of the plaintiff after the conclusion of proceedings in the underlying tort litigation. This is a result compelled by "considerations of practicality and wise judicial administration."