REI–JEU CHANG, Plaintiff,

v.

James S. MAXWELL, et al., Defendants.

Nos. Civ. PJM 00–740, Civ. PJM 99–3847.

United States District Court, D. Maryland.

June 21, 2000.

John D. Hemenway, Washington, D.C., for plaintiff.

James S. Maxwell, Rockville, MD, pro se.

Yue Tian, Rockville, MD, pro se.

Tim E. Braue, Baltimore, MD, Brian Michael Barke, Rockville, MD, James P. Sullivan, Rockville, MD, for defendant.

## OPINION

MESSITTE, District Judge.

### I.

These consolidated actions had their genesis in various divorce and child custody disputes between Richard Chang, father of Plaintiff Rei–Jeu Chang, and Richard Chang's estranged wife, Defendant Yue Tian.[1] The disputes have been the subject of several lawsuits in the Circuit Court for Montgomery County, Maryland, one of which challenged Richard Chang's control over several trusts that he established for the benefit of his three minor children as part of his marital settlement with Yue Tian. *See Tian v. Chang, et al.,* Montgomery Co.Md.Cir.Ct. Case No.

---

1. Rei–Jeu Chang is Richard Chang's daughter by a previous marriage and thus not related by blood to Yue Tian.

196454. After finding that Richard Chang and his co-trustee, Feng Po Chang, had failed to administer the trusts competently, the Circuit Court (Donahue, J.) ordered their removal as trustees and replaced them with a "temporary successor trustee," Defendant Floyd Willis, III. *See Tian v. Chang, et al.,* Montgomery Co.Md.Cir. Ct. Case No. 196454 (Order dated October 6, 1999).[2] Willis's role as temporary trustee remains under challenge in the Circuit Court, which has scheduled a hearing for October 2000 with respect to that and any and all other issues pertaining to his administration of the trust estates.

The corpus of the trusts under review in state court consists of all stock in Erie Trade, Inc. ("Erie Trade"), which Rei–Jeu Chang describes as a "multi-million dollar business in the middle of Rockville." The trusts, presently controlled by Willis as temporary trustee, are also the focus of Rei–Jeu Chang's claims before this Court. Specifically, Rei–Jeu Chang alleges that she, not three of the trusts, is the owner of 70% of the stock of Erie Trade and asks this Court to enter a declaratory judgment to that effect. Rei–Jeu Chang also alleges that Yue Tian, through "undue influence" and as part of a conspiracy with her three co-defendants, essentially caused Richard Chang to steal her interest in Erie Trade, which he then used to fund the three trusts. Accordingly, Rei–Jeu Chang charges all four Defendants—but not, as it happens, Richard Chang—with conversion and trover, civil conspiracy, "malicious and reckless interference of [sic] business," undue influence, cease and desist [sic], and violation of constitutional rights.

Plainly none of those causes of action can go forward unless Rei–Jeu Chang is declared the owner of the 70% interest that she claims in Erie Trade; that is,

Defendants cannot have conspired to interfere with and convert her shares in Erie Trade through the use of undue influence or otherwise unless the shares at issue do, in fact, belong to her. The threshold issue, then, is whether the Court should assert jurisdiction over Rei–Jeu Chang's request for declaratory relief.[3] The Court concludes that "considerations of practicality and wise judicial administration" require it to abstain from declaring who owns the subject shares. *Wilton v. Seven Falls Co.,* 515 U.S. 277, 288, 115 S.Ct. 2137, 132 L.Ed.2d 214 (1995).

## II.

Pursuant to the Declaratory Judgment Act ("DJA"), federal courts *"may* declare the rights and other legal relations of any interested party seeking such declaration." 28 U.S.C.A. § 2201 (1994) (emphasis added). The authority of federal district courts to hear declaratory judgment cases is discretionary, not mandatory, and they are afforded " 'great latitude in determining whether to assert jurisdiction' " over such cases. *United Capitol Ins. Co. v. Kapiloff,* 155 F.3d 488, 493 (4th Cir.1998) (quoting *Aetna Cas. & Sur. Co. v. Ind–Com Elec. Co.,* 139 F.3d 419, 422 (4th Cir.1998)). The Fourth Circuit has established a number of general rules to guide its district courts—including the directive that courts should not allow the DJA to be used " 'to interfere with an action which has already been instituted.' " *Centennial Life Ins. Co. v. Poston,* 88 F.3d 255, 257 (4th Cir.1996) (quoting *Aetna Cas. & Sur. Co. v. Quarles,* 92 F.2d 321, 325 (4th Cir.1937)). Additionally, considerations of federalism and efficiency are implicated where, as here, the declaratory judgment suit is related to a pre-existing action pending in

---

2. James S. Maxwell, Esq., a Defendant in the present proceeding, has represented Yue Tian in the state court litigation, while Daniel S. Willard, Esq., the fourth Defendant here, is alleged to have represented Richard Chang in the state court divorce proceedings.

3. By Order dated May 10, 2000, the parties were directed to submit memoranda on this question. All have done so and the Court considers their arguments in reaching its decision.

state court.[4] *Id.* In such circumstances, the Fourth Circuit has directed district courts to consider four factors in determining whether to assert jurisdiction: (1) the strength of the state's interest in having the issues decided in its courts; (2) the degree to which the issues raised in the federal action can be resolved more efficiently by the state court; (3) the degree to which " 'overlapping issues of fact or law' " might create unnecessary " 'entanglement' " between the state and federal courts; and (4) the extent to which the federal action is mere " 'procedural fencing,' " in the sense that the action is merely the product of forum-shopping. *United Capitol*, 155 F.3d at 493–94 (quoting *Nautilus Ins. Co. v. Winchester Homes, Inc.*, 15 F.3d 371, 377 (4th Cir.1994)).

■ In these cases, Rei–Jeu Chang would have the Court issue an order declaring the ownership of property that is the subject of pre-existing litigation that remains pending in the Circuit Court for Montgomery County. The State of Maryland's interest in having the ownership of that property determined by its courts is quite strong; the three trusts whose ownership of the Erie Trade shares Rei–Jeu Chang disputes were established for the benefit of three minor children residing in Maryland, where all of the parties to this suit other than Rei–Jeu Chang reside, and consist of shares in a corporation allegedly based or at least actively operating in Rockville, Maryland. In addition, the disagreement over control of the trusts arose in the context of divorce and child custody disputes that are clearly matters of state rather than federal concern. *See United States v. Morrison*, —— U.S. ——, 120 S.Ct. 1740, 1777, 146 L.Ed.2d 658 (2000) (Breyer, J., dissenting); *Thompson v. Thompson*, 484 U.S. 174, 186 & n. 4, 108 S.Ct. 513, 98 L.Ed.2d 512 (1988); *Sosna v. Iowa*, 419 U.S. 393, 404, 95 S.Ct. 553, 42 L.Ed.2d 532 (1975).

It should be obvious that any order from this Court affecting ownership of the trust property—the control of which has been and continues to be the subject of orders and oversight by the state court—would hopelessly and unnecessarily entangle this Court in the ongoing state proceedings. It is equally clear that the promotion of efficiency favors resolution of all questions pertaining to the trusts by a single court.

There is, finally, a strong suggestion that the filing of these cases in federal court was the result of forum-shopping. In November 1999, approximately one month after the Montgomery County Cir-

---

4. Rei–Jeu Chang argues that the state and federal cases are not "parallel" because only one of the parties here, Yue Tian, is a party to the state court proceedings. For present purposes, however, the critical question is not whether the parties are identical, but rather whether the factual questions in the two cases overlap and whether "procedural vehicles" are available to those not parties to the state court action whereby they can obtain resolution of the issues raised in this Court. *See Polido v. State Farm Mutual Auto. Ins. Co.*, 110 F.3d 1418, 1423 (9th Cir.1997), *overruled on other grounds, Government Employees Ins. Co. v. Dizol*, 133 F.3d 1220 (9th Cir.1998); *Golden Eagle Ins. Co. v. Travelers Cos.*, 103 F.3d 750, 754–55 (9th Cir.1996), *overruled on other grounds, Government Employees Ins. Co. v. Dizol*, 133 F.3d 1220 (9th Cir.1998); *cf. Poston*, 88 F.3d at 257, 258 (stating that such concerns are implicated when the federal and state cases are "related," and affirming dismissal where state action contained a defen-

dant and several issues not present in the federal case). In the present cases, the questions concerning ownership of the trust property plainly overlap with those in the state court action concerning who should control the trusts. Indeed, Rei–Jeu Chang admitted as much when she suggested that the state case which her father had removed (and which was ultimately remanded) should be consolidated with one of these cases because the two "consist[ed] of virtually the same fact pattern and parties." *See infra* at 318–19. Moreover, there is nothing to prevent Rei–Jeu Chang from intervening in the state court proceeding and asserting her claims therein. *See* MD.CODE ANN., Rule 2–214(a) (2000) (individual has right to intervene in action if she "claims an interest relating to the property or transaction that is the subject of the action," and "disposition of the action may as a practical matter impair or impede [her] ability to protect that interest unless it is adequately represented by existing parties").

cuit Court stripped Richard Chang of his trusteeship, he attempted to remove to this Court the state court action that had resulted in his removal and replacement by Willis. *See Tian v. Chang, et al.,* Civil No. PJM 99–3346. Willis promptly filed a motion to remand the case back to Circuit Court, in which Tian later joined, arguing that the time for removal under 28 U.S.C. § 1446(b) had long since expired. Shortly thereafter Rei–Jeu Chang—represented by John D. Hemenway, Esq., the same attorney who appeared on behalf of Richard Chang in PJM 99–3346—filed the first case before the Court, Civil No. PJM 99–3847. She then filed—again through Attorney Hemenway—a *praecipe* in which she asked that the Court consolidate her federal case with Richard Chang's removed action because the two "consist[ed] of virtually the same fact pattern and parties," arguing that "remand of the action removed from the Circuit Court of Montgomery County would not appear to be appropriate." When the Court nevertheless remanded Civil No. PJM 99–3346, six weeks later Rei–Jeu Chang filed her second case before the Court, Civil No. PJM 00–740, and moved to have her two cases consolidated.[5]

The timing of these events alone is suspicious enough, but there is more. First, Rei–Jeu Chang took the highly unusual step of filing a paper in Civil No. PJM 99–3847, in which she is a party, in which she argued against remand of her father's case, in which she was not a party. In addition, Rei–Jeu Chang has chosen not to name her father as a defendant in either of the two cases before this Court—despite the fact that he would seem to have a fundamental interest in the subject matter of the action. *Compare* Fed.R.Civ.P. 19(a). The fact that Rei–Jeu Chang and her father share the same attorney makes the present filings more problematic still. But, finally, Rei–Jeu's Chang's filings are replete with thinly-veiled accusations of bias and prejudice on the part of the Montgomery County Circuit Court, strong evidence that she has shopped for a new forum. Taken together, these factors contribute to the impression that Rei–Jeu Chang is serving merely as a stand-in for her father in an attempt to shift the forum of his disputes with Yue Tian from state to federal court.

Questions concerning the ownership and control of the subject trusts are presently at issue in the Circuit Court for Montgomery County. Rei–Jeu Chang contends that she is the true owner of a substantial portion of the trust property and asks this Court to enter a declaratory judgment to that effect. There is nothing to prevent her from seeking to intervene in the pending state court action in order to press her claim. Under the circumstances, this Court's assertion of jurisdiction pursuant to the DJA would be utterly inconsistent with considerations of comity, federalism, and wise judicial administration.

### III.

The Court will ABSTAIN from the exercise of subject matter jurisdiction over Rei–Jeu Chang's request for relief pursuant to the Declaratory Judgment Act and DISMISS these cases without prejudice. A separate order will be entered.

### *ORDER*

For the reasons set forth in the accompanying Opinion, it is this 21 day of June, 2000

ORDERED,

(1) These cases are DISMISSED WITHOUT PREJUDICE;

(2) The Clerk of the Court shall CLOSE these cases.

---

5. A third case brought in this Court, in which Richard Chang charged Yue Tian and James Maxwell with intentional infliction of emotional distress, was filed after remand of Civil No. PJM 99–3346 and has since been dismissed. *See Chang v. Maxwell, et al.,* Civil No. PJM 00–495.