PUBLISHED

# UNITED STATES COURT OF APPEALS

## FOR THE FOURTH CIRCUIT

MYLES LUMBER COMPANY,
              *Plaintiff-Appellee,*

v.

CNA FINANCIAL CORPORATION;
CONTINENTAL INSURANCE COMPANY, a
non-resident insurance corporation;
BOSTON OLD COLONY INSURANCE
COMPANY, a non-resident insurance
corporation,
              *Defendants-Appellants.*

No. 00-1318

Appeal from the United States District Court
for the Northern District of West Virginia, at Elkins.
Robert Earl Maxwell, Senior District Judge.
(CA-99-121-2)

Argued: October 30, 2000

Decided: December 5, 2000

Before WILKINS and KING, Circuit Judges, and
Frank J. MAGILL, Senior Circuit Judge of the
United States Court of Appeals for the Eighth Circuit,
sitting by designation.

Vacated and remanded by published opinion. Judge Wilkins wrote the
opinion, in which Judge King and Senior Judge Magill joined.

## COUNSEL

**ARGUED:** Amy Marie Smith, STEPTOE & JOHNSON, Clarksburg,
West Virginia, for Appellants. Jodi K. Douglas, COOPER & PRES-

TON, Parsons, West Virginia, for Appellee. **ON BRIEF:** Daniel C. Cooper, STEPTOE & JOHNSON, Clarksburg, West Virginia, for Appellants. John W. Cooper, COOPER & PRESTON, Parsons, West Virginia, for Appellee.

## OPINION

WILKINS, Circuit Judge:

Myles Lumber Company (Myles Lumber) filed suit in state court against CNA Financial Corporation, Boston Old Colony Insurance Company, and Continental Insurance Company (collectively, "Boston Old Colony") seeking coverage under an insurance policy. Boston Old Colony removed the action to federal district court based on diversity jurisdiction. *See* 28 U.S.C.A. § 1332 (West 1993 & Supp. 2000); 28 U.S.C.A. § 1441 (West 1994). The district court abstained from exercising jurisdiction and remanded. Boston Old Colony appeals. For the reasons set forth below, we vacate the order of the district court and remand for further proceedings.

I.

At all times relevant to this appeal, Boston Old Colony insured Myles Lumber under a commercial general liability insurance policy. Myles Lumber was sued in West Virginia state court by a group of individuals who contended that they were the rightful owners of property on which Myles Lumber had cut timber ("the *Hyre* lawsuit" or "the underlying action"). Boston Old Colony defended Myles Lumber in the underlying action under a full reservation of rights, believing that if the trees on the disputed property had not belonged to Myles Lumber, certain policy exceptions would apply which would preclude coverage. Myles Lumber lost the *Hyre* lawsuit and paid a judgment of over $300,000, plus related fees and costs.

Myles Lumber's request for insurance coverage was denied because Boston Old Colony believed that certain exclusions applied. Myles Lumber disputed this and filed a three-count complaint in West Virginia state court. In the first count, Myles Lumber sought a decla-

ration of its rights under the insurance contract as well as attorneys' fees and consequential damages incurred as a result of suing for coverage. *See* W. Va. Code Ann. §§ 55-13-1 to 55-13-16 (Michie 1994) (Uniform Declaratory Judgments Act). In the second count, Myles Lumber alleged breach of contract, and in the third count, it sought relief under the state Unfair Trade Practices Act, *see* W. Va. Code Ann. § 33-11-4(9)(a) (Michie 1996).

Boston Old Colony removed the action to federal district court based on diversity of citizenship, *see* 28 U.S.C.A. §§ 1332, 1441, and Myles Lumber moved to remand based on principles of abstention. The district court held a hearing at which it granted the remand motion. It noted that this court has established certain factors to be considered in deciding whether to abstain from hearing a declaratory judgment action, *see Centennial Life Ins. Co. v. Poston*, 88 F.3d 255, 257 (4th Cir. 1996), and concluded that consideration of those factors favored abstention. In particular, the district court noted that the case would require application of state law and emphasized its determination that the suit could be more efficiently resolved by the state court because the state court was already familiar with the facts of the underlying action.

Boston Old Colony appeals, arguing that the district court lacked authority to abstain. Boston Old Colony alternatively argues that even if the district court possessed discretion to abstain, it was an abuse of discretion to abstain here. We agree that the district court lacked authority to abstain from exercising jurisdiction over the claims for breach of contract and unfair trade practices because those claims plainly seek damages. We further conclude that even if the district court had discretion to abstain from exercising jurisdiction over the declaratory judgment claim, under these circumstances it would be an abuse of discretion to remand that single claim.

## II.

District courts ordinarily have a strict duty to exercise the jurisdiction that is conferred on them by Congress. *See Quackenbush v. Allstate Ins. Co.*, 517 U.S. 706, 716 (1996). However, when a suit involves equitable or discretionary relief, a district court may either stay the suit in favor of state court action or "decline to exercise juris-

diction altogether by . . . dismissing the suit or remanding it to state court." *Id.* at 721. In contrast, a district court may stay an action seeking damages but generally may not subject it to "outright dismissal or remand." *Id.* Thus, a threshold requirement that must be satisfied for a case to be subject to remand is that the complaint seek either equitable or otherwise discretionary relief. Whether a case satisfies the basic requirements of abstention is a legal question subject to de novo review.[1] *See Garamendi v. Allstate Ins. Co.*, 47 F.3d 350, 354 (9th Cir. 1995), *aff'd sub nom. Quackenbush v. Allstate Ins. Co.*, 517 U.S. 706 (1996); *see also United States v. Smith*, 115 F.3d 241, 244 (4th Cir. 1997) (stating that questions of law are reviewed de novo).

Counts Two and Three of Myles Lumber's complaint—for breach of contract and unfair trade practices—plainly seek damages and thus, under *Quackenbush*, were not subject to remand. The question then becomes whether, assuming that the district court possessed discretion to remand the declaratory judgment claim,[2] it would be proper to remand that claim alone. We conclude that remanding would be an abuse of discretion. *See United Capitol Ins. Co. v. Kapiloff*, 155 F.3d 488, 493 (4th Cir. 1998).

A court must consider four factors in deciding whether to exercise its discretion to hear a declaratory judgment action:

---

[1]Although remand orders generally are not subject to review on appeal, *see* 28 U.S.C.A. § 1447(d) (West 1994), the Supreme Court has held that abstention-based remand orders such as the one at issue here are appealable, *see Quackenbush*, 517 at 711-15.

[2]Myles Lumber's declaratory judgment count arguably presents a claim for damages as it seeks a declaration of rights under the insurance contract. *Cf. Terry v. Chauffeurs, Local 391*, 863 F.2d 334, 339 (4th Cir. 1988) (concluding that when declaratory judgment action required interpretation of a collective bargaining agreement and determination of whether the agreement was breached, the suit involved legal rather than equitable issues), *aff'd*, 494 U.S. 558 (1990); *see also* 9 Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 2313 (1995) ("Although the origin of the declaratory judgment procedure largely is in equity, the remedy itself is neither legal nor equitable . . .
 In that event, this entire action is for damages and the district court would be constrained to exercise jurisdiction.

(i) the strength of the state's interest in having the issues raised in the federal declaratory action decided in the state courts; (ii) whether the issues raised in the federal action can more efficiently be resolved in the court in which the state action is pending; [ ](iii) whether permitting the federal action to go forward would result in unnecessary "entanglement" between the federal and state court systems, because of the presence of "overlapping issues of fact or law"[; and (iv)] whether the declaratory judgment action is being used merely as a device for "procedural fencing" . . . .

*Centennial Life Ins.*, 88 F.3d at 257 (quoting *Nautilus Ins. Co. v. Winchester Homes, Inc.*, 15 F.3d 371, 377 (4th Cir. 1994)) (alterations in original).

Comity concerns do not weigh heavily in favor of the exercise of jurisdiction. Although this case will involve the application of state law, there is nothing that would give West Virginia courts a particularly strong interest in deciding it. *See id.* at 258 (noting that interest of state in deciding matter of state law is lessened when state law issue is not problematic or difficult); *cf. Johnson v. Collins Entm't Co.*, 199 F.3d 710, 719-21 (4th Cir. 1999) (noting that state had strong interest in deciding issues that involved "a most basic problem of [state] public policy" and "the treacherous waters of state political controversy").

In contrast, the efficiency factor weighs heavily in favor of retaining jurisdiction. First, we consider it significant that there is no state action pending. Further, as the district court must retain jurisdiction over the damages claims, it would be more efficient for the district court to adjudicate the entire case. *See Gov't Employees Ins. Co. v. Dizol*, 133 F.3d 1220, 1225-26 (9th Cir. 1998) (en banc) (stating that, to avoid piecemeal litigation, a district court generally should not remand or decline to entertain a declaratory relief claim when other claims are joined with the claim for declaratory relief); *cf. Centennial Life Ins.*, 88 F.3d at 258 (stating that efficiency factor favored abstention when pending state action would settle the entire matter but federal declaratory judgment action would not).

The district court determined that efficiency favored remand because the state court was familiar with the facts of the underlying

action. The court believed that one issue pertaining to the merits of this suit would be whether Myles Lumber's trespass was intentional, and that resolving that issue would involve considering both state law and the facts of the trespass. Assuming that Myles Lumber's intent is at issue—a proposition disputed by Boston Old Colony—efficiency does not favor remand. Again, there is no pending state court action that will resolve this issue, so there is no immediate efficiency gain by transferring the issue to state court. And, because the dispute in the underlying action merely concerned boundary lines and did not involve the issue of whether Myles Lumber's trespass was intentional, this will be a new issue regardless of which court decides it.

The third factor concerns avoiding unnecessary entanglement between the federal and state court systems. We perceive no realistic threat of entanglement here primarily because there is no pending state court action. Although Myles Lumber contends that there is a danger of entanglement because the state court is already familiar with the facts of the underlying suit, this argument is specious. Whichever court decides the merits of this case must tread carefully with regard to the facts already decided in the underlying action, and, as previously noted, the intent issue was not decided in the *Hyre* lawsuit. Accordingly, the third factor does not favor remand. Finally, the fourth factor concerns the potential for procedural fencing, but there is no evidence to support Myles Lumber's assertion that Boston Old Colony has engaged in forum shopping.

Thus, this case only nominally raises comity concerns, entanglement is not realistically an issue, there is no evidence of procedural fencing, and efficiency considerations weigh heavily in favor of retaining jurisdiction. We therefore conclude that, assuming that the district court possessed discretion to remand the declaratory judgment claim, it would be an abuse of discretion to do so under these circumstances.

### III.

In sum, we conclude that the district court was without authority to abstain from exercising its jurisdiction over Counts Two and Three of the complaint because they seek damages. Further, assuming the district court possessed discretion to abstain from deciding the declar-

atory judgment count, we conclude that under the circumstances present here the court would abuse its discretion in doing so. We therefore vacate the remand order of the district court and remand for further proceedings consistent with this opinion.

*VACATED AND REMANDED*