**HARTFORD CASUALTY INSURANCE COMPANY, Plaintiff,**

v.

**BB & T FINANCIAL CORPORATION; Southern National Corporation; the First Savings Bank, FSB; and College Investments of South Carolina, Defendants.**

No. CIV. 3:00CV256–T.

United States District Court,
W.D. North Carolina,
Charlotte Division.

Jan. 25, 2001.

Richard V. Bennett, Bennett & Guthrie, P.L.L.C., Winston–Salem, NC, for Plaintiff.

William Kearns Davis, Walter W. Pitt, Jr., Bell, Davis & Pitt, P.A., Winston–Salem, NC, for Defendants.

### MEMORANDUM AND ORDER

THORNBURG, District Judge.

**THIS MATTER** is before the Court on the Defendants' motion to dismiss this action pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. § 2201, *et seq.* The Federal Declaratory Judgment Act provides that the courts "may declare the rights and other legal relations of any interested party seeking such declaration[.]" 28 U.S.C. § 2201. The controversy in which the parties seek a declaratory judgment must be one over which a court would otherwise have jurisdiction. *Id.* Here, the Court has jurisdiction by virtue of the parties' diversity of citizenship. *See* 28 U.S.C. § 1332; Complaint, at 1–2.

### I. FACTUAL BACKGROUND

This controversy arises from the construction of certain condominiums located in Hilton Head Island, South Carolina. *See* Memorandum of Law in Support of Motion to Dismiss, at 1–2; Complaint, at 2–3. Defendant College Investments of South Carolina ("College Investments") owned and co-developed the condominiums; the corporate entity which, in turn, owned College Investments has since merged (through several renditions) with Defendant Branch Bank & Trust ("BB & T"). *See* Memorandum in Support, at 2. Defendants BB & T and College Investments were sued in South Carolina state court by The Treetops Owners Association ("Treetops"), a homeowner's association, alleging that the condominiums suffered from various design and construction defects. *See* Memorandum in Support, at 1–2; Complaint at 2–3.

BB & T and College Investments requested coverage from their insurers for expenses resulting from the Treetops lawsuit. *See* Memorandum in Support, at 3; Complaint, at 3. In addition to Plaintiff Hartford, Defendants contend that State Automobile Mutual Insurance Company and State Auto Property and Casualty Insurance Company (collectively, "State Auto"), The Travelers Insurance Company ("Travelers"), and St. Paul Insurance Company ("St.Paul") have a duty to indemnify them for their loss associated with the Treetops lawsuit. *See* Memorandum in Support, at 3. As a result thereof, on June 2, 2000, Hartford filed an action for a declaratory judgment in this District asking the Court to declare that Hartford has no duty to defend the Defendants in the Treetops lawsuit or indemnify them for their loss associated therewith. *See* Memorandum in Support, at 3; Complaint, at 3–4.

On June 30, 2000, State Auto filed a declaratory judgment action in South Carolina state court ("South Carolina lawsuit") asking that court to decide whether State Auto owes any duty to Defendants (in association with the Treetops lawsuit), and if so, to determine the extent to which State Auto is required to indemnify Defendants. *See* Memorandum in Support, at 3–4. In response to the South Carolina lawsuit, Defendants sought to join Travelers and Hartford in order to allow for a complete adjudication of all[1] of the parties' rights in conjunction with the Treetops lawsuit. *Id.,* at 3. The South Carolina court found that a complete adjudication of the rights of the parties could not be made without the addition of Travelers and Hartford, and ordered their joinder to the South Carolina lawsuit. *Id.* This joinder was ordered to facilitate the declaration of the rights of every insurer (potentially) owing a duty to indemnify Defendants for their loss associated with the Treetops lawsuit. *Id.,* at 3–4.

---

**1.** St. Paul has settled with the Defendants and is not asserting any allocation rights. *See* Memorandum in Support, at 4 n. 1.

## II. DISCUSSION

"[A] district court's decision to entertain a claim for declaratory relief is discretionary[.]" *Aetna Cas. & Sur. Co. v. Ind–Com Elec. Co.*, 139 F.3d 419, 421 (4th Cir.1998). In *Centennial Life Ins. Co. v. Poston*, 88 F.3d 255 (4th Cir.1996), the Fourth Circuit reaffirmed its teaching that "a declaratory judgment is appropriate 'when the judgment will serve a useful purpose in clarifying and settling the legal relations in issue, and ... when it will terminate and afford relief from the uncertainty, insecurity, and controversy giving rise to the proceeding.'" 88 F.3d at 256 (quoting *Aetna Cas. & Sur. Co. v. Quarles*, 92 F.2d 321, 325 (4th Cir.1937)). Notwithstanding this general rule, a declaratory judgment should not be used "'to try a controversy by piecemeal, or to try particular issues without settling the entire controversy, or to interfere with an action which has already been instituted.'" *Id.*, at 256–57 (quoting *Quarles*, 92 F.2d at 325). Moreover, the Fourth Circuit has reminded the courts in this Circuit of the Supreme Court's holding in *Brillhart v. Excess Ins. Co.*, 316 U.S. 491, 62 S.Ct. 1173, 86 L.Ed. 1620 (1942), stating that:

> [W]hen a related state proceeding is underway, a court considering a declaratory judgment action should specifically consider whether the controversy "can better be settled in the proceeding pending in the state court." This consideration should be guided by a number of factors, including the nature and scope of the state proceeding and "whether the claims of all parties in interest can satisfactorily be adjudicated in that proceeding ...."

*Poston*, 88 F.3d at 257 (quoting *Brillhart*, 316 U.S. at 495, 62 S.Ct. 1173). Indeed, the Supreme Court has recently stated that *Brillhart* stands for the proposition that, "at least where another suit involving the same parties and presenting opportunities for ventilation of the same state law issues is pending in state court, a district court might be indulging in 'gratuitous interference,' if it permitted the federal declaratory judgment action to proceed." *Wilton v. Seven Falls Co.*, 515 U.S. 277, 283, 115 S.Ct. 2137, 132 L.Ed.2d 214 (1995) (internal citations omitted).

In addition to those guiding principles discussed *supra*, there are four additional factors ("Nautilus factors") to consider:

> (i) the strength of the state's interest in having the issues raised in the federal declaratory judgment action decided in the state courts; (ii) whether the issues raised in the federal action can more efficiently be resolved in the court in which the state action is pending; [ ](iii) whether permitting the federal action to go forward would result in unnecessary "entanglement" between the federal and state court systems, because of the presence of "overlapping issues of fact or law[;" and (iv) ] whether the declaratory judgment action is being used merely as a device for "procedural fencing"—that is, "to provide another forum in a race to res judicata" or "to achieve a federal hearing in a case otherwise not removable."

*Poston*, 88 F.3d at 257 (citing *Nautilus Ins. Co. v. Winchester Homes, Inc.*, 15 F.3d 371, 377 (4th Cir.1994)).

It is uncontested that a declaratory judgment filed by this Court would settle the legal relations between Plaintiff and Defendants. The issue, of course, is whether this Court should defer to the proceedings brought in the South Carolina state court. Notwithstanding the fact that Hartford brought this action before proceedings were instituted in South Carolina state court, this Court finds that having weighed the competing factors, the scale is tipped in favor of staying the instant case to allow the South Carolina state court an opportunity to adjudicate the claims of all of the interested parties.

Of the four *Nautilus* factors, one is neutral with respect to the question whether this Court should exercise its discretion, while the other three counsel the Court to

stay judgment in this case. First, while it may ultimately be determined that North Carolina insurance law should apply to the interpretation of the contract between Hartford and the Defendants, *see generally* Hartford's Sur-reply, South Carolina's interest in the outcome of this case is greater than that of North Carolina, and there is no reason to presume that the state court will misidentify or misapply the applicable law. The condominiums were built in South Carolina, the parties allegedly injured by the defective construction of the condominiums discovered their injuries in South Carolina, and thus South Carolina is the natural forum for resolving any dispute arising from the condominium construction. The Court recognizes that once liability is determined with respect to the alleged defective construction of the condominiums, South Carolina's interest in the outcome of this case is diminished. A cognizable interest remains however, for South Carolina retains an interest in seeing any obligation established by assigning liability in the underlying South Carolina action satisfied. Moreover, South Carolina has a substantial interest in ensuring that insurance contracts written to protect an interest in property located within the State are honored. North Carolina's interest in ensuring the proper adjudication of contracts written within this State, but applying to interests found beyond its borders, while also considerable, is not equal to that which can by claimed by South Carolina.

The second and third factors, along with the prohibition against trying a controversy by piecemeal, are particularly salient. While it is true that this Court could efficiently adjudicate the rights and responsibilities between Hartford and the Defendants, the rights of *all* of the parties involved in the underlying dispute can be resolved in the *single action* now pending

in South Carolina state court. If this Court were to grant declaratory relief in this case, the South Carolina action would nonetheless have to continue to determine the rights of the other parties. By staying this proceeding, the Court can avoid an unnecessary entanglement of the State and Federal courts in this matter. Judicial resources—arguably in each system—would be most efficiently allocated by allowing the South Carolina state court the opportunity to determine the respective obligations of all of the insurers with potential liability stemming from the Treetops lawsuit.

Finally, the Court finds that the fourth *Nautilus* factor is neutral. While the Defendants allege that Hartford is engaging in "procedural fencing" by seeking a declaratory judgment, they offer no support for this contention. *See* Reply Brief in Support of Motion, at 7. On the facts now before it, this Court cannot conclude that Hartford's decision to seek relief from this Court stems from an improper motivation. Such allegations are serious and should find ample support in the record before they are made.[2]

## III. ORDER

**IT IS, THEREFORE, ORDERED** that Defendants' motion to dismiss is hereby **DENIED**;

**IT IS FURTHER ORDERED** that this case is **STAYED** pending the resolution of the South Carolina state court action.

**IT IS FURTHER ORDERED** that counsel for both Plaintiff and Defendants shall promptly notify this Court of any change in Plaintiff Hartford's status as a party to the South Carolina state court action.

**IT IS FURTHER ORDERED** that counsel shall provide a joint status report

---

**2.** Curiously, Defendants state that they "do not wish to cast dispersions [sic] upon Hartford's motives for filing in this Court," while at the same time alleging that Hartford's "selection of [the Western District of North Car-

olina] ... is merely a form of procedural fencing[.]" *See* Memorandum in Support, at 12–13, *and* Reply Brief in Support, at 7. Query whether the Defendants can have it both ways.

on the progress of the South Carolina state court action to this Court on a quarterly basis until such time as the state court action is resolved.