UNPUBLISHED

# UNITED STATES COURT OF APPEALS

## FOR THE FOURTH CIRCUIT

MUTUAL BENEFIT INSURANCE
COMPANY,

<i>Plaintiff-Appellee,</i>

v.

BASHE P. JORDAN,

<i>Defendant-Appellant,</i>

and

SHANNON CENTURY, by and through
her mother Della Ree Harris; DELLA
REE HARRIS,

<i>Defendants.</i>

No. 00-1977

Appeal from the United States District Court
for the District of Maryland, at Baltimore.
Andre M. Davis, District Judge.
(CA-99-3541-AMD)

Argued: February 26, 2001

Decided: April 2, 2001

Before WILKINSON, Chief Judge, TRAXLER, Circuit Judge,
and T. S. ELLIS, III, United States District Judge
for the Eastern District of Virginia, sitting by designation.

---

Reversed and remanded by unpublished per curiam opinion.

---

## COUNSEL

**ARGUED:** Erik Cameron Martini, MCGUIRE WOODS, L.L.P., Bal-
timore, Maryland, for Appellant. Irwin Raphael Kramer, KRAMER

& ASSOCIATES, Owings Mills, Maryland, for Appellee. **ON BRIEF:** Patrick R. Buckler, Ronald M. Cherry, MCGUIRE WOODS, L.L.P., Baltimore, Maryland, for Appellant.

---

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

---

## OPINION

PER CURIAM:

Bashe P. Jordan appeals the district court's order awarding summary judgment to Mutual Benefit Insurance Company ("Mutual Benefit") in Mutual Benefit's declaratory judgment action. We reverse and remand for further consideration.

### I.

Jordan owned a number of "rowhouses" in Baltimore, Maryland. In 1985, Jordan rented an apartment in a rowhouse located at 1007 West Lanvale Street to Della Ree Harris ("Harris"). Harris believed that her daughter, Shannon Century, began suffering from lead poisoning as a result of the child's exposure to lead paint while they were living in this apartment. Harris brought an action on behalf of her child in state court seeking damages from Jordan and others ("the Century action"). The complaint alleged that Harris and her daughter lived in Jordan's apartment "during 1984-1987."

Mutual Benefit issued a homeowner's policy ("the policy") covering the apartment and other rental properties owned by Jordan. The policy had an effective period of October 2, 1987 through October 2, 1988. The policy provided coverage for the property owned by Jordan and personal liability protection for Jordan. Under the terms of the policy, Mutual Benefit provided a defense for Jordan in the Century action.

During the discovery phase of the Century action, however, Mutual Benefit came to the conclusion that it had no duty to defend Jordan. Harris was served with interrogatories directing her to list her home address "by date beginning two (2) years prior to [her daughter's] first blood lead level which measured more than ten (10) mcg. per deciliter up to the present time." J.A. 67. Harris provided the following response:

> The minor Plaintiff [Century], her mother, and siblings resided at the following addresses from the time of birth (all dates are approximations):
>
> . . .
>
> d) 1007 West Lanvale Street, 1st Floor          1985-1986
>
> e) 2207 Brunt Street                            1987-1990

J.A. 38. Mutual Benefit viewed this response as demonstrating that the policy was not in effect at the time that Harris and her daughter were living in Jordan's apartment at 1007 West Lanvale Street since the policy went into effect in October 1987.

Accordingly, Mutual Benefit filed this declaratory judgment action seeking a determination from the district court that Mutual Benefit did not have a duty to defend Jordan in the Century action or to indemnify him for any judgment entered against him in that action. The district court concluded that the policy was not in effect at the time of the events allegedly giving rise to the underlying claims against Jordan and entered an order declaring that Mutual Benefit had no duty to defend or indemnify Jordan.

## II.

Maryland law governs our analysis and provides that an insurer's duty to defend the policyholder arises "as long as the plaintiff in a tort case alleges an action that is *potentially* covered by the policy, no matter how attenuated, frivolous, or illogical that allegation may be." *Baltimore Gas & Elec. Co. v. Commercial Union Ins. Co.*, 688 A.2d

496, 505 (Md. Ct. Spec. App. 1997) (emphasis added) (internal quotation marks omitted). Whether the insurer has a duty to defend is "ordinarily determined based on the allegations in the suit and the language of the policy." *Id.* The court "resolve[s] the duty to defend . . . by examining the four corners of the complaint and the four corners of the policy." *Id.* at 509 (quoting *Mt. Vernon Fire Ins. Co. v. Scottsdale Ins. Co.*, 638 A.2d 1196 (Md. Ct. Spec. App. 1994)). Thus, the insurer is not permitted to introduce extrinsic evidence to contest coverage if the allegations in the underlying complaint establish that the claims against the insured are potentially covered. *See Sheets v. Brethren Mut. Ins. Co.*, 679 A.2d 540, 542 n.2 (Md. 1996). And, "where a potentiality of coverage is uncertain from the allegations of a complaint, any doubt must be resolved in favor of the insured." *Aetna Cas. & Sur. Co. v. Cochran*, 651 A.2d 859, 863-64. (Md. 1995).

A court may consider extrinsic evidence if the facts asserted in the outside source are uncontroverted; however, when a "reasonable dispute" exists over the truth of such facts, the court is limited to examining the complaint and the policy. *Baltimore Gas*, 688 A.2d at 509.

Jordan's argument can be succinctly stated: the complaint alleges claims against Jordan that are potentially covered by the policy and the "extrinsic" evidence relied upon by Mutual Benefit does not contain uncontroverted facts that resolve the issue. We agree. For purposes of the duty to defend question, the only real issue is whether Harris and her daughter were living at the apartment during the policy period of October 2, 1987 through October 2, 1988. The complaint alleges that they resided there "during 1984-1987," which certainly could include part of the policy period. Thus, the claims against Jordan in the underlying tort action are potentially covered by the policy, triggering Mutual Benefit's duty to defend. Furthermore, we do not agree with Mutual Benefit that Harris's interrogatory answers in the Century action change this result. Although Harris indicated that she and her daughter resided at Jordan's apartment in "1985-1986," Mutual Benefit may rely on this response only if it is uncontroverted. The response itself, however, is prefaced with the statement that "all dates are approximations." J.A. 38. In her deposition, Harris made it clear that this approximation was far from certain. Having lived at a number of different places, Harris could recall only that she moved into Jordan's apartment at 1007 West Lanvale sometime in the 1980s. Moreover, as Jordan suggests, if we piece together the dates that Har-

ris was apparently able to provide, it is likely that she and her daughter would have been living at the apartment during the policy period:

> Shannon Century was born on June 10, 1982. According to Harris' deposition testimony, she and Shannon lived at Edmonson Avenue for at least one year following Shannon'[s] birth, i.e, up to June 10, 1983. Harris indicates that she lived at Arlington Avenue following Edmonson Ave[nue] until June 6, 1985, and then at Fulton for a year following Arlington, i.e., June 10, 1986. If Harris and Century lived at 1007 West Lanvale for a period of two years following Fulton, the trail indicates that they lived at the insured property as late as June 10, 1988.

Brief of Appellant at 12 n.1 (citations omitted). We agree with Jordan that the "extrinsic" evidence relied upon by the district court is not uncontroverted. Looking only to the four corners of the policy and the complaint in the underlying tort action, we conclude that the insured is entitled to the benefit of the doubt. Thus, Mutual Benefit was not entitled to summary judgment on its claim that it did not have a duty to defend Jordan in the Century action.[1]

### III.

For the foregoing reasons, we reverse the district court's order awarding summary judgment and declaring that Mutual Benefit has no duty to defend or indemnify Jordan. Our ruling is based on the four corners of the complaint and the policy which, in our view, raise a claim that is potentially covered and therefore trigger Mutual Benefit's duty to defend. Since there is a reasonable dispute regarding the extrinsic evidence, the insured is entitled to the benefit of the doubt as to coverage. Thus, we hold that the grant of summary judgment was premature and we remand for further consideration.[2]

*REVERSED AND REMANDED*

---

[1] We also reject Mutual Benefit's argument that Harris's interrogatory responses effectively amended the complaint in the Century action.

[2] Given the fact that the underlying state action is ongoing, the district court may wish to consider declining further exercise of its jurisdiction over this declaratory judgment action or staying the action. *See Centennial Life Ins. Co. v. Poston*, 88 F.3d 255, 256-58 (4th Cir. 1996).